**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3035-16T2

DANCE, INC.,

      Petitioner-Appellant,

v.

NEW JERSEY DEPARTMENT
OF LABOR AND WORKFORCE
DEVELOPMENT,

      Respondent-Respondent.

_____

Argued December 19, 2018 – Decided January 14, 2019

Before Judges Alvarez and Reisner.

On appeal from New Jersey Department of Labor and Workforce Development, Docket No. 13-009.

John D. Williams argued the cause for appellant (Law Office of John D. Williams, attorneys; John D. Williams, on the briefs).

Rimma Razhba, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Rimma Razhba, on the brief).

PER CURIAM

Petitioner Dance, Inc. operates a go-go bar.[1]  Petitioner appeals from a February 8, 2017 final administrative decision of the Commissioner of the New Jersey Department of Labor and Workforce Development (Commissioner) assessing tax liability owed under the unemployment compensation statute, N.J.S.A. 43:21-7.

Petitioner argues that it is not liable for unpaid contributions to the unemployment fund for the exotic dancers who worked at the club from 2002 through 2005, contending the dancers were independent contractors.  The Commissioner disagreed, finding that (1) the dancers were presumed to be employees because they worked for tips, which is a form of remuneration under the statute, and (2) petitioner failed to satisfy any of the three prongs of the ABC test, used to determine whether workers are employees or independent contractors.  See N.J.S.A. 43:21-19(i)(6)(A-C).  Petitioner also challenges the amount of the assessment, an issue the Commissioner addressed in his decision.

As remedial legislation, the unemployment statute is to be interpreted liberally.  See Carpet Remnant Warehouse, Inc. v. New Jersey Dept. of Labor

---

[1] During the administrative hearing, petitioner's attorney repeatedly referred to the club as a "go-go" bar.  Petitioner also refers to its establishment as a gentlemen's club.

A-3035-16T2

(CRW), 125 N.J. 567, 581 (1991).  Although the agency's legal interpretations are not binding on us, we will defer to the Commissioner's reasonable construction of the statute the agency is charged with enforcing.  See Van Sickle v. Bd. of Review, 372 N.J. Super. 460, 463-64 (App. Div. 2004) (citing Van Dalen v. Washington Twp., 120 N.J. 234, 245 (1990)); CRW, 125 N.J. at 587. We will not disturb the Commissioner's factual findings so long as they are supported by substantial credible evidence.  Brady v. Bd. of Review, 152 N.J. 197, 210 (1997).  After reviewing the record with those legal standards in mind, we affirm substantially for the reasons stated in the Commissioner's final decision.  We add these comments.

The statute defines "employment" as any service "performed for remuneration or under any contract of hire, written or oral, express or implied." N.J.S.A. 43:21-19(i)(1)(A).  The statute defines "remuneration" broadly to include "all compensation for personal services, including commission and bonuses and the cash value of all compensation in any medium other than cash." N.J.S.A. 43:21-19(p).  Under the statute, wages paid by the employer are a form of remuneration. N.J.S.A. 43:21-19(o).  However, tips or "gratuities" are also a form of remuneration.  See N.J.S.A. 43:21-19(o); N.J.A.C. 12:16-4.1(b)(9)

(including tips and gratuities in a list of "remuneration issues"); N.J.A.C. 12:16-4.9.

In this case, the dancers who worked at petitioner's club were paid exclusively in the form of tips they received from the customers. Petitioner required the dancers to sign a purported "Stage Rental/License Agreement" defining the dancers as independent contractors and requiring them to "lease" the right to use the club's stage. However, the agreement did not set forth any rental amount, and it was written in English. When the agency's auditors visited the club, they found that the dancers spoke exclusively Spanish or Portuguese.

Although petitioner received notice of an audit in January 2006, when the auditors visited the club later that year petitioner had no documentation about the dancers. According to Minesh Patel, the auditor who testified at the hearing, the club's owner, Patrick Loprete, explained to him that the club did not keep records about the dancers, because they were illegal immigrants from Brazil and other South American countries. In rebuttal testimony, Loprete denied having that conversation with Patel, but he did not deny that the dancers were undocumented immigrants who spoke no English. Petitioner did not present testimony from any former or current dancers who worked at the club.

In his testimony, Loprete claimed that the dancers were independent contractors who took no direction from him or the club manager, showed up whenever they pleased, and had no obligation to work any particular schedules. However, the club's website featured photographs of dozens of scantily-dressed women, under the web page heading "Our Girls." The website also provided schedules of the dancers who were to appear at the club each day. While Loprete denied that the work of the dancers was integral to the club's business, he admitted that there were dancers performing at the club every afternoon and evening.

Neither the administrative law judge (ALJ) nor the Commissioner found petitioner's evidence credible or sufficient. Based on the complete lack of documentation or other corroboration for petitioner's contentions, the Commissioner agreed with the ALJ that petitioner could not satisfy any of the prongs of the ABC test. N.J.S.A. 43:21-19(i)(6)(A-C).

Pursuant to N.J.S.A. 43:21-19(i)(6), "[s]ervices performed by an individual for remuneration shall be deemed to be employment" unless the putative employer proves each of three prongs:

> (A) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

(B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and

(C) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

[N.J.S.A. 43:21-19(i)(6)(A-C) (emphasis added).]

We find no basis to second-guess the Commissioner's factual findings, which are supported by substantial credible evidence. Petitioner's argument – that the work of exotic dancers is marginal, rather than integral, to its business – is frivolous. The contention is belied by petitioner's corporate name, its website, and the description of the club's operation.

Petitioner's additional appellate arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3035-16T2